

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00095-CV

_____

IN RE:  GERALD ALLEN PERRY

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Gerald Allen Perry petitions this Court for mandamus relief; Perry would have us order the 202nd Judicial District Court, Bowie County, issue a citation for a bill of review Perry claims to have filed. Perry also asks this Court to issue a default judgment. We deny the requested relief.

Mandamus relief is appropriate only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law (often described as a "ministerial" act), and (2) the absence of a clear and adequate remedy at law. *Cantu v. Longoria*, 878 S.W.2d 131, 132 (Tex. 1994) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Due to the nature of this remedy, it is Perry's burden to properly request and show entitlement to the mandamus relief. *See generally Johnson v. Fourth Dist. Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

In two different sections of his petition, Perry describes the relief he seeks. On page nine of his petition, Perry

> requests an extraordinary writ vacating the dismissal of 1-27-03 affirmance 11-14-03 in no. 06-03-00045-CV trial court no. 00-C-1485-202 and enter a default judgment for failure to appear or respond to notice of deposition on written questions . . . or in the alternative[,] a trial on the merits of Plaintiff's Bill of Review attacking . . . cause no. 07-C-0090-202.

2

We assume Perry refers to an opinion of this Court, our cause number 06-03-00045-CV, issued November 14, 2003, where we affirmed the trial court's dismissal of Perry's suit because Perry failed to attach the requisite expert medical report. *Perry v. Stanley*, No. 06-03-00045-CV, 2003 Tex. App. LEXIS 9691 (Tex. App.—Texarkana Nov. 14, 2003, no pet.) (mem. op.). This Court's mandate issued January 23, 2004. That judgment is final. Perry has provided no record to establish his claim. As for Perry's request we issue a default judgment, this Court is not authorized to issue such judgments.

> In another portion of his petition, Perry proffers the following prayer:
>
> Relator pray[s] the Court of Appeals compel the 202nd Dist. Court to serve citation on the Attorney General[1] or vacate Perry v. Stanley cause no. 00-C-1485-202 no. 06-03-00045-CV and enter a default judgment.

Perry has presented nothing to this Court indicating he has asked the trial court to issue citation. Even assuming arguendo that Perry filed the bill of review to which he alludes, and assuming he therein requested citation be issued, the clerk of the court, upon proper request by a party, is to issue citation. *See* TEX. R. CIV. P. 99(a). The clerk is not a proper party to which mandamus relief may be brought. *In re Jackson*, No. 06-09-00092-CV, 2009 Tex. App. LEXIS 8134 (Tex. App.—Texarkana Oct. 22, 2009, orig. proceeding) (mem. op.). This Court does not have jurisdiction over district clerks. *In re Rodriguez*, No. 06-08-00122-CV, 2008 Tex. App. LEXIS 7972 (Tex.

---

[1](Also at page seven, "The plaintiff request[s] that the Court of Appeals - Sixth compel the 202nd District Court of Bowie County[,] Texas[,] to issue a citation serving the Attorney General with notice of the Application for a Bill of Review. . . .").

App.—Texarkana Oct. 22, 2008, orig. proceeding) (mem. op.); *In re James*, No. 06-08-00111-CV, 2008 Tex. App. LEXIS 7689 (Tex. App.—Texarkana Oct. 10, 2008, orig. proceeding) (mem. op.).

It is the relator's burden to provide this Court with a sufficient record to establish his or her right to mandamus relief. *Walker*, 827 S.W.2d at 837; *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); *see* TEX. R. APP. P. 52.7. Perry bears the obligation to provide us with evidence in support of his claim that he is entitled to mandamus relief. No record has been filed with this Court. The absence of a mandamus record prevents us from evaluating the circumstances of this case and, consequently, the merits of Perry's complaints. *See* TEX. R. APP. P. 52.7; *Barnes*, 832 S.W.2d at 426.

We deny the petition for writ of mandamus.

Jack Carter
Justice

Date Submitted:     November 10, 2009
Date Decided:       November 12, 2009