In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00095-CV


______________________________





IN RE: GERALD ALLEN PERRY









 


Original Mandamus Proceeding









 
 



Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter








MEMORANDUM OPINION



 Gerald Allen Perry petitions this Court for mandamus relief; Perry would have us order the
202nd Judicial District Court, Bowie County, issue a citation for a bill of review Perry claims to have
filed. Perry also asks this Court to issue a default judgment. We deny the requested relief.

 Mandamus relief is appropriate only when the mandamus record establishes (1) a clear abuse
of discretion or the violation of a duty imposed by law (often described as a "ministerial" act), and
(2) the absence of a clear and adequate remedy at law. Cantu v. Longoria, 878 S.W.2d 131, 132
(Tex. 1994) (orig. proceeding); Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig.
proceeding). Due to the nature of this remedy, it is Perry's burden to properly request and show
entitlement to the mandamus relief. See generally Johnson v. Fourth Dist. Court of Appeals, 700
S.W.2d 916, 917 (Tex. 1985) (orig. proceeding); Barnes v. State, 832 S.W.2d 424, 426 (Tex.
App.--Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus
must show himself entitled to the extraordinary relief he seeks."). 

 In two different sections of his petition, Perry describes the relief he seeks. On page nine of
his petition, Perry 

 requests an extraordinary writ vacating the dismissal of 1-27-03 affirmance 11-14-03
in no. 06-03-00045-CV trial court no. 00-C-1485-202 and enter a default judgment
for failure to appear or respond to notice of deposition on written questions . . . or in
the alternative[,] a trial on the merits of Plaintiff's Bill of Review attacking . . . cause
no. 07-C-0090-202.


We assume Perry refers to an opinion of this Court, our cause number 06-03-00045-CV, issued
November 14, 2003, where we affirmed the trial court's dismissal of Perry's suit because Perry failed
to attach the requisite expert medical report. Perry v. Stanley, No. 06-03-00045-CV, 2003 Tex. App.
LEXIS 9691 (Tex. App.--Texarkana Nov. 14, 2003, no pet.) (mem. op.). This Court's mandate
issued January 23, 2004. That judgment is final. Perry has provided no record to establish his claim. 
As for Perry's request we issue a default judgment, this Court is not authorized to issue such
judgments. 

 In another portion of his petition, Perry proffers the following prayer:

 Relator pray[s] the Court of Appeals compel the 202nd Dist. Court to serve citation
on the Attorney General (1) or vacate Perry v. Stanley cause no. 00-C-1485-202 no. 06-03-00045-CV and enter a default judgment. 


Perry has presented nothing to this Court indicating he has asked the trial court to issue citation. 
Even assuming arguendo that Perry filed the bill of review to which he alludes, and assuming he
therein requested citation be issued, the clerk of the court, upon proper request by a party, is to issue
citation. See Tex. R. Civ. P. 99(a). The clerk is not a proper party to which mandamus relief may
be brought. In re Jackson, No. 06-09-00092-CV, 2009 Tex. App. LEXIS 8134 (Tex.
App.--Texarkana Oct. 22, 2009, orig. proceeding) (mem. op.). This Court does not have jurisdiction
over district clerks. In re Rodriguez, No. 06-08-00122-CV, 2008 Tex. App. LEXIS 7972 (Tex.
App.--Texarkana Oct. 22, 2008, orig. proceeding) (mem. op.); In re James, No. 06-08-00111-CV,
2008 Tex. App. LEXIS 7689 (Tex. App.--Texarkana Oct. 10, 2008, orig. proceeding) (mem. op.).

 It is the relator's burden to provide this Court with a sufficient record to establish his or her
right to mandamus relief. Walker, 827 S.W.2d at 837; In re Pilgrim's Pride Corp., 187 S.W.3d 197,
198-99 (Tex. App.--Texarkana 2006, orig. proceeding); see Tex. R. App. P. 52.7. Perry bears the
obligation to provide us with evidence in support of his claim that he is entitled to mandamus relief. 
No record has been filed with this Court. The absence of a mandamus record prevents us from
evaluating the circumstances of this case and, consequently, the merits of Perry's complaints. See
Tex. R. App. P. 52.7; Barnes, 832 S.W.2d at 426.

 We deny the petition for writ of mandamus. 




 Jack Carter

 Justice


Date Submitted: November 10, 2009

Date Decided: November 12, 2009

1. (Also at page seven, "The plaintiff request[s] that the Court of Appeals - Sixth compel the
202nd District Court of Bowie County[,] Texas[,] to issue a citation serving the Attorney General
with notice of the Application for a Bill of Review. . . .").