### In re PILGRIM'S PRIDE CORPORATION.

No. 06–06–00026–CV.

Court of Appeals of Texas, Texarkana.

Submitted Feb. 15, 2006.

Decided Feb. 16, 2006.

Bart Rankin, Mark D. Taylor, Baker & McKenzie, LLP, Dallas, for relator.

Brent M. Langdon, Holman & Langdon, LLP, Texarkana, for PPR&M Inc.

Robert S. McGinnis, Gooding & Dodson, Texarkana, for Hibernia National Bank.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

Pilgrim's Pride Corporation (Pilgrim's Pride) has filed a petition for writ of mandamus. The underlying litigation is a suit on sworn account filed by Poultry Plant Refrigeration and Maintenance (PPR&M) against Pilgrim's Pride. Pilgrim's Pride has asserted several affirmative defenses, including satisfaction, offset, and setoff. Pilgrim's Pride has further asserted counterclaims for breach of contract, declaratory relief, fraud, and civil conspiracy.[1]

Pilgrim's Pride's petition for writ of mandamus asks this Court to order the Honorable Ralph K. Burgess, presiding judge of the 5th Judicial District Court of Bowie County, Texas, to (1) reverse that court's decision not to compel production of documents ostensibly related to Pilgrim's Pride's affirmative defenses and counterclaims, (2) continue the trial of the underlying litigation to a date on or after August 28, 2006, and (3) enter a scheduling order allowing the parties a reasonable opportunity to conduct additional discovery.

For the reasons set forth below, we deny Pilgrim's Pride's petition.

### A. Standard for Mandamus Relief

■■■ Mandamus relief is appropriate only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law (which is often described as a "ministerial" act), and (2) the absence of a clear and adequate remedy at law. *Cantu v. Longoria,* 878 S.W.2d 131, 132 (Tex.1994); *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992). "With respect to resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial court." *Walker,* 827 S.W.2d at 839–40. "The relator must establish that the trial court could reasonably have reached only one decision." *Id.* This Court would grant mandamus relief in this case if Pilgrim's Pride demonstrated from the mandamus record that the act sought to be compelled is purely "ministerial" and that Pilgrim's Pride has no other adequate legal remedy. *See State ex rel. Rosenthal v. Poe,* 98 S.W.3d 194, 198 (Tex.Crim.App. 2003). A remedy is not inadequate merely because it may involve more expense or delay than obtaining an extraordinary writ. *Walker,* 827 S.W.2d at 842.

### B. Pilgrim's Pride Has Not Provided an Adequate Record

■ Pilgrim's Pride contends the trial court abused its discretion by failing to grant a continuance of the trial date, by sustaining PPR&M's objections to Pilgrim's Pride's discovery requests, and by refusing to enter a scheduling order, when PPR&M did not present any evidence on those issues. But Pilgrim's Pride has not brought forth a reporter's record from the

---

1. In this latter claim, Pilgrim's Pride alleges PPR&M conspired with former employees of Pilgrim's Pride to perform personal work (such as building a private boat dock) for former Pilgrim's Pride employees, but submit the costs for that personal work to Pilgrim's Pride as costs of other work PPR&M had performed for Pilgrim's Pride.

January 3, 2006, hearing in the trial court. Thus, we cannot determine from the record before us whether PPR&M produced any evidence in support of its positions opposing Pilgrim's Pride's requested relief in the trial court. Without a reporter's record, we could only speculate whether there was evidence to support the trial court's denial of Pilgrim's Pride's motions to compel discovery, to delay the trial date, and to enter a scheduling order.

*C. Conclusion*

Because the record before us is inadequate to support the issuance of a writ of mandamus, we deny Pilgrim's Pride's petition for writ of mandamus.