

## NUMBER 13-11-00018-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

## IN RE JENNIFER FLORES-LAMB

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Vela
### Per Curiam Memorandum Opinion[1]

By "Emergency Petition for Writ of Mandamus," Jennifer Flores-Lamb seeks to compel the trial court[2] to set aside an "Order on Petitioner's Request for Rule 13 Sanctions for Filing Groundless Pleadings" rendered on October 14, 2010, and further

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] The order at issue was signed by the Honorable William Adams, presiding judge of the County Court At Law of Aransas County, Texas. According to the allegations in the petition for writ of mandamus, Judge Adams recused himself from further participation in this case following entry of this order. The case was subsequently assigned to be heard by the Honorable Dick Alcala. According to the relator, "Judge Alcala has declined to disrupt orders made by Judge William Adams (at least not until after the January 31, 2011 trial)."

seeks to compel the trial court to acknowledge the "relevance" of a witness's medical history.

Mandamus is an extraordinary remedy that issues only if the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Sw. Bell Tel. Co.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). The heavy burden of establishing an abuse of discretion and an inadequate appellate remedy is on the party resisting discovery. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). A trial court commits a clear abuse of discretion when its action is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Id.* (quoting *CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex. 1996)). It is the relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992); *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198-99 (Tex. App.–Texarkana 2006, orig. proceeding); *see* TEX. R. APP. P. 52.3.

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not shown herself entitled to the relief sought. Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
13th day of January, 2011.

2