NUMBER 13-11-00018-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI -
EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IN RE JENNIFER
FLORES-LAMB

 

 



On Petition for Writ
of Mandamus.

 

 



MEMORANDUM OPINION

 

Before Justices Garza, Benavides, and Vela

Per Curiam Memorandum
Opinion[1]

 

By “Emergency Petition for Writ
of Mandamus,” Jennifer Flores-Lamb seeks to compel the trial court[2]
to set aside an “Order on Petitioner’s Request for Rule 13 Sanctions for Filing
Groundless Pleadings” rendered on October 14, 2010, and further seeks to compel
the trial court to acknowledge the “relevance” of a witness’s medical history. 


Mandamus is an extraordinary
remedy that issues only if the trial court clearly abused its discretion and
the relator has no adequate remedy by appeal.  In re Sw. Bell Tel. Co.,
235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding).  The heavy burden of
establishing an abuse of discretion and an inadequate appellate remedy is on
the party resisting discovery.  In re CSX Corp., 124 S.W.3d 149, 151
(Tex. 2003) (orig. proceeding).  A trial court commits a clear abuse of
discretion when its action is “so arbitrary and unreasonable as to amount to a
clear and prejudicial error of law.”  Id. (quoting CSR Ltd. v. Link,
925 S.W.2d 591, 596 (Tex. 1996)).  It is the relator’s burden to provide this
Court with a sufficient record to establish the right to mandamus relief. Walker
v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992); In re Pilgrim’s Pride
Corp., 187 S.W.3d 197, 198-99 (Tex. App.–Texarkana 2006, orig. proceeding);
see Tex. R. App. P. 52.3.  

The Court, having examined
and fully considered the petition for writ of mandamus, is of the opinion that
relator has not shown herself entitled to the relief sought.  Accordingly, the
petition for writ of mandamus is DENIED.  See Tex. R. App. P. 52.8(a). 

 

                                                                                                PER
CURIAM

 

Delivered and filed the

13th
day of January, 2011.

 









[1]
See Tex.
R. App. P. 52.8(d) (“When denying relief, the court may hand down an
opinion but is not required to do so.”); Tex.
R. App. P. 47.4 (distinguishing opinions and memorandum opinions).

 





[2] The order at issue was signed by the
Honorable William Adams, presiding judge of the County Court At Law of Aransas
County, Texas.  According to the allegations in the petition for writ of
mandamus, Judge Adams recused himself from further participation in this case
following entry of this order.  The case was subsequently assigned to be heard
by the Honorable Dick Alcala.  According to the relator, “Judge Alcala has
declined to disrupt orders made by Judge William Adams (at least not until
after the January 31, 2011 trial).”