NUMBER 13-11-00108-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



IN RE:  LEOPOLDO LEAL

 

 

 



On Petition for Writ of Mandamus.

 

 



MEMORANDUM OPINION

 

Before Justices Garza, Benavides, and
Vela

Memorandum
Opinion Per Curiam[1]

Relator,
Leopoldo Leal, pro se, filed a petition for writ of mandamus in the above cause
on February 24, 2011, seeking to compel the trial court to set aside its
judgment in the underlying cause and grant a judgment favorable to relator.  We
deny the petition for writ of mandamus.  

Mandamus is an extraordinary remedy
that issues only if the trial court clearly abused its discretion and the
relator has no adequate remedy by appeal.  In re Sw. Bell Tel. Co., 235
S.W.3d 619, 623 (Tex. 2007) (orig. proceeding).  The heavy burden of
establishing an abuse of discretion and an inadequate appellate remedy is on
the party resisting discovery.  In re CSX Corp., 124 S.W.3d 149, 151
(Tex. 2003) (orig. proceeding).  A trial court commits a clear abuse of
discretion when its action is “so arbitrary and unreasonable as to amount to a
clear and prejudicial error of law.”  Id. (quoting CSR Ltd. v. Link,
925 S.W.2d 591, 596 (Tex. 1996)).  It is the relator’s burden to provide this
Court with a sufficient record to establish the right to mandamus relief.  Walker
v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992); In re Pilgrim’s Pride
Corp., 187 S.W.3d 197, 198-99 (Tex. App.–Texarkana 2006, orig. proceeding);
see Tex. R. App. P. 52.3.  

In the instant case, the petition
for writ of mandamus fails to meet the requirements of the appellate rules
insofar as it lacks, for instance, an appendix or record and it fails to
contain a “clear and concise argument for the contentions made, with
appropriate citations to authorities and to the appendix or record.”  See
generally Tex. R. App. P. 52. 
Moreover, relator has already appealed the judgment at issue
herein, and, therefore, has not established that he lacks an adequate remedy by
appeal.  See Leal v. Lone Star Country Store CC, LLC, No.
13-10-00335-CV, 2010 Tex. App. LEXIS 7166, at *2 (Tex. App.–Corpus Christi Aug.
31, 2010, no pet.) (mem. op. per curiam) (dismissing the appeal for want of
prosecution and for failing to comply with a directive from the court).  

The Court, having examined and
fully considered the petition for writ of mandamus, is of the opinion that
relator has not shown himself entitled to the relief sought.  Accordingly, the petition for writ of mandamus is DENIED.  See
Tex. R. App. P. 52.8(a). 

                                                                                                                        PER
CURIAM

Delivered and filed this

3rd day of March, 2011.

                                                

                                                                                                

 









[1] See
Tex. R. App. P. 52.8(d) (“When
denying relief, the court may hand down an opinion but is not required to do
so.”); Tex. R. App. P. 47.4
(distinguishing opinions and memorandum opinions).