

**NUMBER 13-11-00108-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**IN RE: LEOPOLDO LEAL**

**On Petition for Writ of Mandamus.**

# MEMORANDUM OPINION

**Before Justices Garza, Benavides, and Vela**
**Memorandum Opinion Per Curiam[1]**

Relator, Leopoldo Leal, pro se, filed a petition for writ of mandamus in the above cause on February 24, 2011, seeking to compel the trial court to set aside its judgment in the underlying cause and grant a judgment favorable to relator. We deny the petition for writ of mandamus.

Mandamus is an extraordinary remedy that issues only if the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Sw. Bell*

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

*Tel. Co.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). The heavy burden of establishing an abuse of discretion and an inadequate appellate remedy is on the party resisting discovery. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). A trial court commits a clear abuse of discretion when its action is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Id.* (quoting *CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex. 1996)). It is the relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992); *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198-99 (Tex. App.–Texarkana 2006, orig. proceeding); *see* TEX. R. APP. P. 52.3.

In the instant case, the petition for writ of mandamus fails to meet the requirements of the appellate rules insofar as it lacks, for instance, an appendix or record and it fails to contain a "clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See generally* TEX. R. APP. P. 52. Moreover, relator has already appealed the judgment at issue herein, and, therefore, has not established that he lacks an adequate remedy by appeal. *See Leal v. Lone Star Country Store CC, LLC*, No. 13-10-00335-CV, 2010 Tex. App. LEXIS 7166, at *2 (Tex. App.–Corpus Christi Aug. 31, 2010, no pet.) (mem. op. per curiam) (dismissing the appeal for want of prosecution and for failing to comply with a directive from the court).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not shown himself entitled to the relief

2

sought.  Accordingly, the petition for writ of mandamus is DENIED.  *See* Tᴇx. R. Aᴘᴘ. P.

52.8(a).

PER CURIAM

Delivered and filed this
3rd day of March, 2011.