In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00096-CV

                                                ______________________________

 

 

 

                                                   IN
RE:  R. WAYNE JOHNSON

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                            Memorandum
Opinion by Justice Moseley

                                                                              

                                                                              








                                                      MEMORANDUM OPINION

 

            R. Wayne Johnson
has petitioned this Court for mandamus relief. 
His petition complains of the trial court’s order dismissing Johnson’s
suit with prejudice.  We deny relief.

            Johnson is on the
State of Texas’ list of vexatious litigants. 
See generally Tex. Civ. Prac.  Rem. Code Ann. § 11.051–.057 (West 2002).  Johnson has attached to his petition for
mandamus relief a copy of the trial court’s order, which states in relevant
part:  “Plaintiff Johnson did not obtain
permission from the local administrative judge within 10 days of filing of
Notice of Vexatious Litigant[1]
Status of Plaintiff.”  The trial court
then dismissed Johnson’s suit with prejudice. 


            Mandamus issues
only when the mandamus record establishes (1) a clear abuse of discretion or
the violation of a duty imposed by law and (2) the absence of a clear and
adequate remedy at law.  Walker v. Packer, 827 S.W.2d 833, 839–40
(Tex. 1992) (orig. proceeding); see In re Columbia Med. Ctr. of Las Colinas
Subsidiary, L.P., 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding).  It is the relator’s
burden to provide this Court with a sufficient record to establish the right to
mandamus relief.  Walker, 827 S.W.2d at 837; In
re Pilgrim’s Pride Corp., 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006,
orig. proceeding); see Tex. R. App. P. 52.3, 52.7.

            Johnson has
provided this Court with nothing to indicate he timely obtained permission from
the local administrative judge to file his suit in the trial court.  See
Tex. Civ. Prac.  Rem. Code Ann. §§ 11.101–.102 (West 2002).  There is nothing to indicate the trial court
abused its discretion in entering the complained-of order; in fact such
dismissal would have been required if Johnson failed to provided the required
permission.  Tex. Civ. Prac. Rem. Code Ann. § 11.103(b)
(West 2002).  

            We deny Johnson’s
request for relief.  

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          October 6, 2011

Date Decided:             October 7, 2011

 











[1]Johnson
has been declared a vexatious litigant in at least three district courts of the
State of Texas.  See:  R. Wayne
Johnson v. John Cornyn and Andy Taylor, B-01-1159-0-CV-B
(156th Dist. Ct, Bee County, June 14, 2001); R. Wayne Johnson v. Mary Bacon, 2009-15297 (133rd Dist. Ct., Harris
County, July 21, 2009); R. Wayne Johnson
v. Oliver Bell, et al, D-1-GN10-001424 (345th Dist. Ct., Travis County,
Aug. 26, 2010).  We also find that one of
our sister courts has previously dealt with Johnson in his capacity as a
vexatious litigant.  See In re Johnson, No. 07-06-00445-CV,
2006 Tex. App. LEXIS 10527 (Tex. App.––Amarillo Dec. 8, 2006, orig.
proceeding); In re Johnson, No. 07-04-416-CV,
2004 Tex. App. LEXIS 7580 (Tex. App.––Amarillo Aug. 23, 2004, orig.
proceeding).