

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00046-CV

_____

IN RE:   JAMES COCKERHAM

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

James Cockerham filed a petition for writ of mandamus against Cass County Court at Law Judge Donald Dowd, which seeks a mandate "to compel Judge Dowd to vacate" an order in a suit to modify the parent-child relationship. Cockerham contends that the order is void because there is a suggestion that Judge Dowd recused himself prior to signing the order. He believes the judge "commented about the number of hearings he had had on the case . . . and in essence made it clear that he was tired of this case and of hearing this case." Because the record supplied to this Court does not demonstrate whether or when recusal occurred, we deny the petition for writ of mandamus.

Mandamus is an extreme remedy, and to be entitled to such relief, a petitioner must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458 (Tex. 2008) (orig. proceeding). Due to the nature of this remedy, it is Cockerham's burden to provide this Court with a sufficient record to establish the right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding).

Cockerham had the obligation to provide this Court with a record in support of his claim that he is entitled to mandamus relief. He points to a letter from opposing counsel dated January 24, 2012, stating, "Enclosed please find a Motion to Sign Order in Suit to Modify the

Parent-Child Relationship. . . . I was told when I filed the Motion this morning that all future settings in the Cockerham case will be heard in District Court." The motion to sign order was filed at 11:37 a.m. on January 24. The order complained of was signed on the same date at 3:36 p.m. Cockerham states in his petition that "[t]his leads one to believe that Judge Dowd had already recused himself prior to January 24, 2012." On February 3, 2012, Cockerham filed a motion to vacate the order admitting "[t]o Movant's knowledge there has been no formal motion to recuse filed, nor has there been a formal order signed by the court to notify trial counsel of his recusing from the case."

Indeed, the record supplied to this Court does not indicate when or whether recusal occurred. The absence of a mandamus record demonstrating that the judge recused from the case prevents us from evaluating the merits of Cockerham's complaint that the signed order was void due to a preceding recusal. *See* TEX. R. APP. P. 52.7.

We deny the petition for writ of mandamus.

Jack Carter
Justice

Date Submitted:      April 24, 2012
Date Decided:        April 25, 2012

3