

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-12-00057-CV
_____

IN RE:
R. WAYNE JOHNSON

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Relator R. Wayne Johnson has filed a petition for writ of mandamus asking this Court to give him relief from an alleged void order entered by the Honorable Laurine Blake, Judge of the 336th Judicial District Court of Fannin County. We deny the requested relief.

Johnson is on the State of Texas' list of vexatious litigants. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.051–.057 (West 2002). Johnson has attached to his petition for mandamus relief a copy of the trial court's order, which states in relevant part, "Plaintiff Johnson did not obtain permission from a local administrative judge within ten days of the Defendant's Notice that he is a Vexatious Litigant."[1] The trial court then dismissed Johnson's suit with prejudice and held him in contempt of court with a penalty of $300.00 in accordance with Section 11.101(b) of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(b) (West Supp. 2011).

Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992); *see In re Columbia*

---

[1] We have previously dealt with Johnson in his capacity as a vexatious litigant, as have three of our sister courts. *See In re Johnson*, No. 06-11-00116-CV, 2011 WL 5135298 (Tex. App.—Texarkana Oct. 28, 2011, orig. proceeding); *In re Johnson*, No. 06-11-00096-CV, 2011 WL 4686502 (Tex. App.—Texarkana Oct. 7, 2011, orig. proceeding); *In re Johnson*, No. 13-12-00024-CV, 2012 WL 171920 (Tex. App.—Corpus Christi Jan. 18, 2012, orig. proceeding); *In re Johnson*, No. 07-10-00254-CV, 2011 WL 2554381 (Tex. App.—Amarillo June 28, 2011, orig. proceeding); *In re Johnson*, No. 07-09-00008-CV, 2010 WL 1904276 (Tex. App.—Amarillo May 11, 2010, orig. proceeding); *In re Johnson*, No. 07-10-00202-CV, 2010 WL 474037 (Tex. App.—Amarillo Nov. 23, 2010, orig. proceeding); *In re Johnson*, No. 07-07-0431-CV, 2009 WL 2225844 (Tex. App.—Amarillo July 27, 2009, orig. proceeding); *In re Johnson*, No. 07-07-0245-CV, 2008 WL 2681314 (Tex. App.—Amarillo July 9, 2008, orig. proceeding); *In re Johnson*, No. 07–06–00445–CV, 2006 WL 3543015 (Tex. App.—Amarillo Dec. 8, 2006, orig. proceeding); *In re Johnson*, No. 07-04-0009-CV, 2004 WL 76363 (Tex. App.—Amarillo Jan. 16, 2004, orig. proceeding); *In re Johnson*, No. 09-04-129-CV, 2004 WL 584426 (Tex. App.—Beaumont March 25, 2004, orig. proceeding).

*Med. Ctr. of Las Colinas Subsidiary, L.P.*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding). It is the relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief. *Walker*, 827 S.W.2d at 837; *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); *see* TEX. R. APP. P. 52.3, 52.7.

Johnson has provided this Court with nothing to indicate he timely obtained permission from the local administrative judge to file his suit in the trial court. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.101–.102 (West Supp. 2011). There is nothing to indicate the trial court abused its discretion in entering the complained-of order; in fact, such dismissal would have been required if Johnson failed to provide the required permission. TEX. CIV. PRAC. & REM. CODE ANN. § 11.103(b) (West Supp. 2011).

We deny Johnson's request for relief.


Josh R. Morriss, III
Chief Justice

Date Submitted:     June 11, 2012
Date Decided:       June 12, 2012

3