

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00216-CR

_____

IN RE:  MICHAEL PERRY

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

Michael Perry has filed a pro se petition for writ of mandamus asking this Court to: (1) order Grelyn Freeman, court reporter for the 188th Judicial District Court of Gregg County, Texas, to timely, and without further delay, file the record in his appellate case, including all his pro se motions, affidavits, and exhibits; (2) order Barbara Duncan, the District Clerk of Gregg County, to locate all of his previously-filed pro se motions, affidavits, and exhibits and include them in the appellate record; (3) order his appellate counsel, Lew Dunn, to timely—and without further delay—prepare and submit his appellate brief; (4) order Freeman to provide a "complete statement of facts," including any and all proceedings, filings, statements, and arguments made at the trial-court level, whether they be pretrial, trial, or post-trial; (5) order the 188th Judicial District Court of Gregg County, Texas, to grant his motion for new trial or specifically rule on said motion; and (6) order Debra K. Autrey, the Clerk of this Court, to provide him and his counsel with a copy of this Court's ruling as well as a file-stamped copy of his petition for writ of mandamus.

This Court does not have mandamus jurisdiction over court reporters, district clerks, appellate counsel, or appellate clerks except when necessary to enforce our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221 (West 2004); *In re Coronado*, 980 S.W.2d 691, 692–93 (Tex. App.—San Antonio 1998, orig. proceeding) (per curiam). Perry has not alleged facts sufficient for the persons named above to fall within the jurisdictional reach of our mandamus authority.

Mandamus is an extreme remedy, and to be entitled to mandamus relief, a petitioner must show that the trial court clearly abused its discretion and that the relator has no adequate remedy

by appeal. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding). Due to the nature of this remedy, it is Perry's burden to provide this Court with a sufficient record to establish the right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding).

Here, Perry also alleges that he filed two separate motions for new trial, one in March or April 2013 and one in August 2013. Because the trial court failed to rule on his motions, he seeks mandamus relief directing the trial court to grant a new trial or make a specific ruling. However, Perry failed to include copies of any relevant correspondence, pleadings, orders, or judgments, and, therefore, he failed to provide a sufficient record. TEX. R. APP. P. 52.3(k) (appendix must contain "a certified or sworn copy of any order complained of, or any other document showing the matter complained of").

For the reasons stated, we deny Perry's petition for writ of mandamus.

Bailey C. Moseley
Justice

Date Submitted:     October 10, 2013
Date Decided:       October 11, 2013

Do Not Publish

3