

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-13-00117-CV

---

IN RE: ROBERT TROY MCCLURE

---

Original Mandamus Proceeding

---

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

Robert Troy McClure, an inmate proceeding pro se, has filed a petition for writ of mandamus asking this Court to order the Honorable Bobby Lockhart, presiding judge of the 102nd Judicial District Court of Bowie County, Texas, to rule on several motions pending in his court. McClure sued a number of prison officials alleging excessive force was used by prison guards. McClure alleges that since the lawsuit was reinstated almost a year ago by order of this Court,[1] the trial court has refused to rule on his motions and is attempting to have him certified as a vexatious litigant. McClure does not complain about the alleged attempt to have McClure certified as a vexatious litigant but only complains about the trial court's refusal to rule on his motions.[2] McClure requested an order from the trial court permitting him to (1) file subpoenas, (2) add parties, (3) have the sheriff serve citations, (4) be free from restraints at his vexatious litigant hearing, and (5) have the sheriff serve subpoenas to fact witnesses.

Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion when it reaches a decision "so arbitrary and unreasonable it amounts to a clear and prejudicial error of law or it clearly fails to correctly analyze or apply the

---

[1]*McClure v. State*, No. 06-12-00075-CV, 2012 Tex. App. LEXIS 10554 (Tex. App.—Texarkana Dec. 20, 2012, no pet.) (mem op.) (trial court erred in dismissing because McClure's claims have arguable basis in law).

[2]A trial court generally has a ministerial duty to rule on all pending motions within a reasonable time. *In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding).

law." *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding). To determine whether a party has an adequate remedy by appeal, we apply a balancing test. *See Prudential*, 148 S.W.3d at 136; *In re AIU Ins. Co.*, 148 S.W.3d 109, 115 (Tex. 2004) (orig. proceeding). Under this test, a remedy available on direct appeal is adequate when the detriments of mandamus review outweigh the benefits. *Prudential*, 148 S.W.3d at 136.

McClure has failed to provide this Court with a sufficient record. It is the relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief. *Walker*, 827 S.W.2d at 837; *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); *see* TEX. R. APP. P. 52.3. While McClure attached a letter requesting a ruling on the above motions, McClure failed to attach certified or sworn copies of the motions themselves. While the petition does contain an appendix, the appendix does not include "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." *See* TEX. R. APP. P. 52.3(k)(1)(A). We cannot grant mandamus relief without certified or sworn copies of the motions complained of.

For the reasons stated, we deny McClure's petition.


                                        Jack Carter
                                        Justice


Date Submitted:     November 18, 2013
Date Decided:       November 19, 2013


3