

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00080-CR

_____

IN RE DONNY JOE CURRY

Original Mandamus Proceeding

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

Donny Joe Curry, proceeding pro se, has filed a petition seeking a writ of mandamus in which he asks this Court to direct the Honorable J. Andrew Bench and other officials/employees of Hunt County and the City of Commerce to unseal certain "[f]inancial [i]nstruments," to use the proceeds to discharge his outstanding liabilities, and to take various other actions.

In his petition, Curry does not state that he has filed any motion or other pleading in the trial court asking for such relief. He also does not allege that he has requested a hearing on any motion or pleading he may have filed.

To be entitled to mandamus relief, the relator must show (1) that he has no adequate remedy at law and (2) that the action he seeks to compel is ministerial, not one involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). The relator is obligated to provide this Court with a record sufficient to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); *see* TEX. R. APP. P. 52.3. Before mandamus may issue, the relator must show that the trial court had a legal duty to perform a ministerial act, was asked to do so, and failed or refused to act. *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding); *see also In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) ("Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling."). Curry has provided this Court with neither a copy

of a motion or other pleading filed in the trial court nor any evidence that such motion or pleading was brought to the trial court's attention and that rulings were requested. Therefore, even assuming that the trial court had jurisdiction to consider his motion, Curry has failed to demonstrate that he is entitled to mandamus relief.

We deny Curry's petition for a writ of mandamus.


Ralph K. Burgess
Justice

Date Submitted:     May 21, 2015
Date Decided:       May 22, 2015

Do Not Publish