

**NUMBER 13-15-00483-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**IN RE LEOPOLDO LEAL**

**On Petition for Writ of Mandamus.**

# MEMORANDUM OPINION

**Before Justices Garza, Benavides, and Longoria**
**Per Curiam Memorandum Opinion[1]**

Relator, Leopoldo Leal, proceeding pro se, filed a petition for writ of mandamus in the above cause on October 7, 2015. Although the petition for writ of mandamus is unclear, it appears that relator is seeking to compel enforcement of a judgment and liens. We deny the petition for writ of mandamus.

Ordinarily, mandamus relief lies when the trial court has abused its discretion and a party has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124,

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *See In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). In determining whether appeal is an adequate remedy, we consider whether the benefits outweigh the detriments of mandamus review. *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding). It is the relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992); *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); *see* TEX. R. APP. P. 52.3.

In the instant case, the petition for writ of mandamus fails to meet the requirements of the appellate rules insofar as it fails to contain a "clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See generally* TEX. R. APP. P. 52. The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not shown himself entitled to the relief sought. Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
8th day of October, 2015.

2