

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00078-CV

_____

IN RE PHILIP J. EMERSON, JR.

Original Mandamus Proceeding

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

By his Second Amended Petition for Mandamus, Philip J. Emerson, Jr., petitions this Court for mandamus relief against the former and current judges of the 402nd Judicial District Court of Wood County, Texas. We deny Emerson's petition because a writ of mandamus cannot be directed to a former judge and the record supplied by Emerson is inadequate to establish a basis for mandamus relief against the current judge.

In 2012, the Honorable Timothy Boswell presided over a lawsuit filed by Emerson against the Holly Lake Ranch Association (Association). The petition demonstrated that Emerson sued the Association because it charged maintenance and garbage fees and expended Association funds to hire security personnel who restricted Emerson's use of the main gate until he paid the Association's fees and acquired a gate card. Emerson states that Judge Boswell entered a final judgment for the Association in 2014 and that he did not appeal that judgment. However, Emerson argues that Judge Boswell should have recused himself from the case *sua sponte* because he "practiced law with counsel for the Association" in 1990 in a lawsuit filed by the Association against Debra Miller for violating its rules by using her property as a dumping or storage area for an inoperable vehicle. The documents attached by Emerson show that Craig M. Daugherty, not Boswell's former firm, represented the Association in the case Emerson filed.

In any event, we may issue a writ of mandamus only against a "judge of a district . . . court in the court of appeals district." TEX. GOV'T CODE ANN. § 22.221(b)(1) (West Supp. 2018). Judge Boswell is no longer a judge of a district court in our district. "A writ of mandamus may not be directed to a former judge." *In re Calpakis*, No. 14-13-00422-CV, 2013 WL 3580907, at *1 (Tex.

2

App.—Houston [14th Dist.] July 11, 2013, orig. proceeding). This is because "the writ must be directed to someone" who "would be compelled to obey it." *In re Schmitz*, 285 S.W.3d 451, 454 (Tex. 2009) (orig. proceeding). Emerson's request for mandamus relief against Judge Boswell is denied.

Next, Emerson complains of actions taken in several cases filed in the 402nd Judicial District Court, including cases in which Emerson does not appear as a party. One of those cases was filed by the Association in 2017 and resulted in the entry of a summary judgment signed by the Honorable Jeffrey Fletcher in its favor. Although he was not a party to the lawsuit, Emerson argues that Judge Fletcher abused his discretion in granting the summary judgment on March 29, 2018. Even assuming that Emerson has standing to make such a complaint, his request for mandamus relief must be denied.

To be entitled to mandamus relief, Emerson is required to show that the action he seeks to compel is ministerial, not one involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). The relator is obligated to provide this Court with a record sufficient to establish his right to mandamus relief, including "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3; *see Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding). Here, Emerson has failed to provide certified or sworn copies of the motion for summary judgment or the order

3

granting the summary judgment.  Accordingly, Emerson's request for mandamus relief against Judge Fletcher is denied.

For the reasons stated, we deny Emerson's petition for writs of mandamus.


Josh R. Morriss, III
Chief Justice


Date Submitted:     October 18, 2018
Date Decided:       October 19, 2018