

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00112-CR

IN RE NOAH FULTON JACKSON

Original Mandamus Proceeding

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

In 2017, Noah Fulton Jackson was convicted of sexual assault and sentenced to eight years' confinement, with credit for time served. Jackson has filed a petition for writ of mandamus alleging that he filed a motion for judgment nunc pro tunc with the 71st Judicial District Court of Harrison County, Texas, to correct the amount of time credit owed, but the trial court's "new and corrected" judgment still did not accurately reflect the amount of time credit due him. Jackson asks this Court to order the trial court to correct "any and all errors" in the judgment.

To be entitled to mandamus relief, the relator must show (1) that he has no adequate remedy at law and (2) that the action he seeks to compel is ministerial, not one involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). In addition, Jackson must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See generally* TEX. R. APP. P. 52.3. In this regard, Jackson must furnish an appendix or record sufficient to support the claim for mandamus relief. *See* TEX. R. APP. P. 52.3(k), 52.7(a); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); *see* TEX. R. APP. P. 52.3.

Jackson has failed to provide this Court with a sufficient record supporting his claim. The papers attached to his petition fail to include any motion seeking to correct the amount of credit

for time served, any evidence showing the correct amount of credit due, or the trial court's "new and corrected" judgment.

For these reasons, Jackson's petition for writ of mandamus is denied.


Josh R. Morriss, III
Chief Justice

Date Submitted:     June 12, 2019
Date Decided:       June 13, 2019

Do Not Publish