

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00100-CV

_____


IN RE WEE WISDOM PLAYSCHOOL AND KINDERGARTEN, INC., D/B/A HOWELL'S
WEE WISDOM PRESCHOOL, AND GYPSIE GESSMAN


Original Mandamus Proceeding



Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

Wee Wisdom Playschool and Kindergarten, Inc., d/b/a Howell's Wee Wisdom Preschool, and Gypsie Gessman (Relators) have filed a petition for writ of mandamus seeking the modification of an order modifying and granting an independent medical examination entered on August 19, 2019 (the Modification Order), by the Honorable Keli M. Aiken, judge of the 354th Judicial District Court in Hunt County (the Respondent). Relators ask this Court to direct the Respondent to modify the Modification Order by removing the restrictions relating to the time limit on the psychological examination and the requirement of a third-party observer. We deny Relators' petition because they have not shown that they are entitled to mandamus relief.

Relators filed a motion to compel an independent medical examination (the Motion to Compel) seeking an order from the trial court for a neuropsychological examination of C.M., one of the plaintiffs, by Relators' psychological expert, Dr. Alice Ann Holland. On July 8, 2019, a hearing was held on the Motion to Compel. On July 29, 2019, the trial court entered its order granting the Motion to Compel. In the July 29 order, the trial court, *inter alia*, ordered an examination of C.M. by Holland consisting of an interview and an administration of a test battery; limited the administration of the test battery to three hours, exclusive of time for breaks for C.M.; and ordered that a representative from the office of plaintiffs' psychologist attend the examination of C.M.

On August 2, 2019, the plaintiffs and real party in interest, Jayda Morgan, individually and as next friend of C.M., a minor (Morgan), filed a motion to reconsider the July 29 order. A hearing on Morgan's motion was held August 6, 2019. On August 19, 2019, the trial court entered the

Modification Order. The Modification Order, *inter alia*, limited the examination by Holland, including testing, to three hours and ordered that a representative from the office of Morgan's psychologist attend the examination of C.M.

On August 22, 2019, Relators filed a motion for reconsideration of the Modification Order and requested that the trial court vacate both the time limitations placed on Holland's examination and the requirement that a representative from the office of Morgan's psychologist attend the examination contained in the Modification Order. A hearing on Relators' motion was held September 18, 2019. The record reflects, and the parties do not dispute, that the relief requested by Relators was not granted.

In their petition, Relators argue that the trial court abused its discretion in imposing these restrictions and ask this Court to direct the Respondent to modify the Modification Order to remove the restrictions relating to the time limit on the psychological examination and the requirement of a third-party observer.

Mandamus relief will be granted only when the record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding); *see In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding). However, the relator must provide this Court with a record sufficient to establish its right to mandamus relief. *Walker*, 827 S.W.2d at 837; *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); *see* TEX. R. APP. P. 52.3.

3

In this case, the trial court imposed both the time limitation for the psychological examination and the requirement of a third-party observer in its July 29 order, which was entered after the July 8, 2019, hearing. As the parties seeking relief, Relators had the burden of providing this Court with the transcript from that hearing.[1] *See Walker*, 827 S.W.2d at 837. Since Relators have not met this burden, they have not provided this Court with a sufficient record to establish their right to mandamus relief.[2] *See id.*

For the reasons stated, we deny Relators' petition for writ of mandamus.


                                        Josh R. Morriss III
                                        Chief Justice

Date Submitted:     December 10, 2019
Date Decided:       December 11, 2019

---

[1]At the hearing on Relators' motion for reconsideration, the trial court stated:

> There were many multiple reasons presented to me, that led me to believe that it was necessary to have an expert, medical professional, with a relationship with this child, to be present in the courtroom, to speak on behalf of the child, that there was a necessity for a break or redirection or some other reason why the child was uncomfortable or insecure in the room, to have that person there as a support system and that is what I have ordered to be done.

In addition, Morgan has represented in her Response that, at the July 8, 2019, hearing, the trial court told Relators that it would set the initial examination at three hours, but that Relators could return to the court to request additional time. Thus, the transcript of the July 8, 2019, hearing is necessary for this Court to determine whether the trial court clearly abused its discretion.

[2]In conjunction with their petition, Relators have filed a motion for temporary relief. Relators have represented to this Court that, on October 8, 2019, they requested, and paid for, the transcript of the July 8, 2019, hearing. One of the main bases for the motion for temporary relief is that Relators have not yet received this transcript. However, Relators have not represented, or provided this Court with any documentation showing, that any additional steps have been taken to secure the transcript since October 8, 2019. Rather, Relators simply state that they "have no certainty" as to when the transcript will be completed. Since we have denied Relators' petition for writ of mandamus, we also deny their motion for temporary relief.