

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-20-00111-CR
_____

IN RE KIM WAYNE BURDEN

Original Mandamus Proceeding

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

Kim Wayne Burden petitioned for writ of mandamus asking this Court to compel the trial judge of the 8th Judicial District Court of Delta County, Texas, to rule on her motion for a copy of the trial court's record. Because Burden failed to provide us with a record to support her entitlement to mandamus relief, we deny her petition for writ of mandamus.

To be entitled to mandamus relief, the relator must show (1) that she has no adequate remedy at law and (2) that the action she seeks to compel is ministerial, not one involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). The relator has "the burden of providing this Court with a sufficient record to establish [her] right to mandamus relief." *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *see In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); *see also* TEX. R. APP. P. 52.3. Before mandamus may issue, the relator must show that the trial court had a legal duty to perform a ministerial act, was asked to do so, and failed or refused to act. *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).

Burden's petition includes a file-stamped copy of her motion and a copy of an unsworn and uncertified letter to the district clerk dated July 4, 2020, asking about the motion. That said, the petition does not come with any proof that she brought this matter to the attention of the trial court, as is required. *See In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding). "Showing that a motion was filed with the court clerk does not constitute

2

proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling." *Id.*; *see also* TEX. R. APP. P. 52.3(k). We, therefore, cannot determine whether this matter was presented to the trial court. *See Blakeney*, 254 S.W.3d at 662. It is the relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1). Here, the record is inadequate to grant mandamus relief.

For these reasons, we deny Burden's petition for writ of mandamus.

Scott E. Stevens
Justice

Date Submitted:    October 28, 2020
Date Decided:    October 29, 2020

Do Not Publish