

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-20-00128-CR

_____

IN RE LARRY TIJERINA

Original Mandamus Proceeding

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

Larry Tijerina petitioned for a writ of mandamus asking this Court to compel the trial judge of the 8th Judicial District Court of Hopkins County, Texas, to provide "access to judicial records pertaining to criminal convictions" against Tijerina. Because Tijerina failed to provide this Court with a record to support his entitlement to mandamus relief, we deny his petition for a writ of mandamus.

To be entitled to mandamus relief, the relator must show that (1) he has no adequate remedy at law and (2) the action he seeks to compel is ministerial, not one involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). The relator is obligated to provide this Court with a record sufficient to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); *see* Tex. R. App. P. 52.3. Before mandamus may issue, the relator must show that the trial court had a legal duty to perform a ministerial act, was asked to do so, and failed or refused to act. *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding); *see also In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) ("Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling.").

Tijerina alleges that the trial court abused its discretion by denying his mandamus petition seeking access to records of three convictions.[1] That said, Tijerina submitted nothing to this Court showing any proof that he brought this matter to the attention of the trial court, as is required. *See Blakeney*, 254 S.W.3d at 662. Tijerina also failed to provide a certified copy of the petition he claims to have filed with the trial court.[2] We therefore cannot determine whether this matter was presented to the trial court.

It is the relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1). Here, the record is inadequate to grant mandamus relief.

For these reasons, we deny Tijerina's petition for a writ of mandamus.

Scott E. Stevens
Justice

Date Submitted: January 4, 2021
Date Decided: January 5, 2021

Do Not Publish

---

[1]According to Tijerina, he was convicted of three felonies and sentenced to ninety-nine years' confinement. This Court affirmed Tijerina's convictions of (1) aggravated assault with a deadly weapon in *Tijerina v. State*, No. 06-99-00025-CR, 2000 WL 525555 (Tex. App.—Texarkana 2000, no pet.), (2) possession of marihuana in *Tijerina v. State*, No. 06-99-00026-CR, 2000 WL 525530 (Tex. App.—Texarkana 2000, no pet.), and (3) possession of cocaine in *Tijerina v. State*, No. 06-99-00027-CR, 2000 WL 525499 (Tex. App.—Texarkana 2000, no pet.)).

[2]*See* TEX. R. APP. P. 52.03(d).

3