

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00095-CV
_____

IN RE BILL ATER AND CODY WYRICK

Original Mandamus Proceeding

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Relators Bill Ater and Cody Wyrick, who are not parties to the underlying proceeding, have filed a petition for a writ of mandamus complaining of the trial court's October 1, 2021, orders, which require them to submit to depositions and turn over an electronic recording that would divulge alleged attorney-client privileged information. The trial court's rulings were based on its finding that the attorney purportedly representing Ater and Wyrick was in fact counsel for the defendants in the underlying proceeding and that, as a result, there was no attorney-client relationship between counsel and Ater or Wyrick. After reviewing the unique circumstances of this case, we deny Relators' petition for a writ of mandamus.

"Mandamus is an extraordinary remedy, and to be entitled to such relief, a petitioner must show that the trial court clearly abused its discretion and that the petitioner has no adequate remedy by appeal." *In re Coats*, 580 S.W.3d 431, 435 (Tex. App.—Texarkana 2019, orig. proceeding) (citing *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458 (Tex. 2008) (orig. proceeding)). A trial court abuses its discretion if it reaches a decision that is so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). "It is [Relators'] burden to show entitlement to the requested relief." *In re Coats*, 580 S.W.3d at 435. Relators "must therefore show that [they] seek[] to compel a ministerial act not involving a discretionary or judicial decision." *Id.* (citing *Walker*, 827 S.W.2d at 837; *In re*

*Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding)).

If the subject of the mandamus petition involves a factual dispute, mandamus relief is precluded. *See In re City of Galveston*, 622 S.W.3d 851, 858 (Tex. 2021) (citing *West v. Solito*, 563 S.W.2d 240, 245 (Tex. 1978) (orig. proceeding) ("[A]n appellate court may not deal with disputed areas of fact in a mandamus proceeding.")); *In re Angelini*, 186 S.W.3d 558, 560 (Tex. 2006) (orig. proceeding) (same); *In re Torres*, No. 13-11-00539-CV, 2011 WL 4852857, at *1 (Tex. App.—Corpus Christi Oct. 13, 2011, orig. proceeding) (per curiam) (mem. op.) (concluding that Relators did not show themselves entitled to extraordinary mandamus relief where "the trial court had before it conflicting evidence regarding the existence of the alleged attorney-client relationship").

After fully examining the petition for a writ of mandamus, the response, and the mandamus record, we conclude that Relators have not shown themselves entitled to the relief sought because there was a fact issue on the existence of the alleged attorney-client relationship. *See In re Torres*, 2011 WL 4852857, at *1. As a result, we lift the stay previously imposed in this case and deny Relators' petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a), 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided.").

Ralph K. Burgess
Justice

Date Submitted: November 10, 2021
Date Decided: November 12, 2021