

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-26-00004-CV

IN RE STEVEN BROOMFIELD AND LISA BROOMFIELD

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

The petition for a writ of mandamus, filed by Steven Broomfield and Lisa Broomfield, concerns a child, B.B.[1] In 2024, the County Court at Law of Panola County, Texas, entered an order in a suit affecting the parent-child relationship that gave the Broomfields conservatorship over B.B., set a schedule for Mother's possession and access to B.B., and limited the residence of B.B. to Panola County or a contiguous county. Yet, the Broomfields' petition for a writ of mandamus shows that they violated those orders by moving B.B. to Smith County, which is not contiguous to Panola County.[2] Then, the Broomfields filed an "*Original Petition to Terminate the Parent–Child Relationship and for Adoption*" in Smith County, with a motion requesting mandatory transfer of the Panola County court's continuing exclusive jurisdiction to Smith County. By this petition for a writ of mandamus, the Broomfields ask us to require the Panola County court to issue a mandatory transfer of jurisdiction to Smith County. Because the record shows that the trial court has yet to rule on their request, we deny the petition for a writ of mandamus.

"Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law." *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (citing *Cantu v. Longoria*, 878 S.W.2d 131, 132 (Tex. 1994) (per curiam) (orig.

---

[1]We will use initials for the child and pseudonyms for his parents to protect the child's identity. *See* TEX. R. APP. P. 9.8.

[2]The Broomfields' petition states that the Panola County court continued to exercise its jurisdiction by holding contempt proceedings on its 2024 order. To avoid those contempt proceedings, the Broomfields filed a motion for emergency relief. Because the Broomfields have already been found in contempt of court for violating the Panola County court's orders, we deny their request for emergency relief as moot.

proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding)). "It is the relator's burden to provide this Court with a sufficient record to establish his or her right to mandamus relief." *Id.* (citing *Walker*, 827 S.W.2d at 839–40; *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); TEX. R. APP. P. 52.3, 52.7(a)). Accordingly, because the Broomfields seek to compel a ruling on their motion for mandatory transfer, there must be "an adequate showing that a request for a ruling has been properly and adequately presented to the trial court and that the court has declined to rule." *Id.* ("Mandamus relief requires existence of a legal duty to perform a nondiscretionary act, a demand for performance of that act, and a refusal to so act.").

The record shows that the Broomsfields made their request for transfer of jurisdiction pursuant to Section 155.201(a-1) of the Texas Family Code, which reads,

> On the filing of a motion showing that a suit in which adoption of a child is requested has been filed in another court located in the county in which the child resides . . . and requesting a transfer to that court, the court having continuing, exclusive jurisdiction of a suit affecting the parent-child relationship with regard to that child shall, within the time required by Section 155.204, transfer the proceedings to the court in which the suit for adoption is pending.

TEX. FAM. CODE ANN. § 155.201(a-1) (Supp.). In turn, Section 155.204 of the Texas Family Code requires a ruling within a specific time only when no controverting affidavit is timely filed. *See* TEX. FAM. CODE ANN. § 155.204(c) (Supp.). But where, as here, "a controverting affidavit contesting the motion to transfer is filed," all that is required is that "each party is entitled to notice not less than [ten] days before the date of the hearing on the motion to transfer." TEX. FAM. CODE ANN. § 155.204(e) (Supp.).

3

The mandamus record shows that Mother filed an affidavit controverting the Broomfields' motion for mandatory transfer of jurisdiction. It also shows that the trial court has set the Broomfields' motion for a hearing on February 5, 2026, and has provided them with the required notice of the hearing.

We find that the Broomfields have not made a showing that a reasonable time to rule has expired or that the trial court has refused to rule. *See In re Blakeney*, 254 S.W.3d at 662. Accordingly, we conclude they have not shown themselves entitled to the extraordinary remedy of mandamus relief. As a result, we deny the petition for a writ of mandamus.

Charles van Cleef
Justice

Date Submitted:     February 4, 2026
Date Decided:       February 5, 2026

4