

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00211-CR

_____

IN RE:  WILLIAM ROBERT PARKER

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

William Robert Parker, proceeding pro se, has filed a petition for writ of mandamus asking this Court to direct the 123rd Judicial District Court of Panola County[1] to answer what he admits is an out-of-time motion for new trial.

In his petition for writ of mandamus, Parker states his motion was filed September 8, 2014. Parker alleges the trial court has not responded to his motion. He therefore requests this Court to order the district court to answer[2] his motion.

Mandamus relief will be granted only when the record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding); *see In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding). The relator must provide this Court with a record sufficient to establish the right to mandamus relief. *Walker*, 827 S.W.2d at 837; *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); *see* TEX. R. APP. P. 52.3.

Parker has not provided this Court with a copy of his filed motion or any evidence that the motion was brought to the trial court's attention and a ruling requested. The relator must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Grulkey*, No. 14-10-00450-CV, 2010 WL 2171408, at *1 (Tex. App.—Houston [14th Dist.] May

---

[1]Parker does not state the date of his conviction. He identifies the Honorable Bennie C. Boles as the judge at his trial. Judge Boles retired from the 123rd Judicial District Court in 1995.

[2]Although Parker asks us to direct the trial court to "answer" his motion, we assume he is asking us to order the trial court to rule on his motion.

28, 2010, orig. proceeding) (mem. op.) (per curiam) (citing *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding)); *see also In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) ("Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling.").

Even assuming the district court has jurisdiction to consider his motion, Parker has failed to demonstrate that he is entitled to mandamus relief. We deny his petition.


Josh R. Morriss, III
Chief Justice


Date Submitted:      December 22, 2014
Date Decided:       December 23, 2014


Do Not Publish