

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00016-CV
_____

IN RE:  RICHARD OWEN TAYLOR

Original Mandamus Proceeding

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

Richard Owen Taylor, proceeding pro se, has filed a petition for writ of mandamus asking this Court to direct the Honorable Leon F. Pesek, Jr., to rule on his motion for rulings on discovery objections and claims of privilege and on his request for a teleconference appearance.

In his petition for writ of mandamus, Taylor states his motions were filed in the trial court on June 24, 2015. Taylor also alleges that he sent letters to Respondent on September 18, 2015, and October 12, 2015, seeking to have his motions set for hearing. He also alleges the trial court has neither set his motions for hearing nor ruled on the motions. He, therefore, requests that this Court order the Respondent to set his motions for hearing and rule on them.

Mandamus relief will be granted only when the record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding); *see In re Columbia Med. Ctr. of Las Colinas Subsidiary, L.P.*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding). The relator must provide this Court with a record sufficient to establish the right to mandamus relief. *Walker*, 827 S.W.2d at 837; *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); *see* TEX. R. APP. P. 52.3.

Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). However, Taylor must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Grulkey*, No. 14-10-00450-CV, 2010 WL 2171408, at *1 (Tex. App.—Houston [14th Dist.] May 28, 2010, orig. proceeding) (mem.op.) (per curiam) (citing *In re Villarreal*, 96

S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding)); *see also In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) ("Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling."). Although Taylor has provided this Court with copies of his motions and letters, none of them contain a file-stamp mark indicating they were filed. Further, neither the motions nor the letters are accompanied by envelopes or other evidence in the record that indicate the trial court actually received the motions and requests for hearing.

Since Taylor cannot meet his burden to demonstrate the trial court received, was aware of, and was asked to rule on his pleadings, we must deny his petition for writ of mandamus.


Bailey C. Moseley
Justice


Date Submitted:     April 11, 2016
Date Decided:       April 12, 2016

3