

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-20-00008-CR

_____

IN RE TODD O'KEITH SMITH

Original Mandamus Proceeding

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Todd O'Keith Smith has filed a petition for writ of mandamus seeking to compel the trial judge of the 276th Judicial District Court of Marion County, Texas, to rule on his motion for judgment nunc pro tunc, which seeks removal of a deadly-weapon finding contained in the judgment convicting Smith of aggravated assault with a deadly weapon. We deny Smith's petition for writ of mandamus because he failed to provide us with a record to support his entitlement to mandamus relief.

To be entitled to mandamus relief, the relator must show (1) that he has no adequate remedy at law and (2) that the action he seeks to compel is ministerial, not one involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). The relator must also provide this Court with a record sufficient to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); *see* TEX. R. APP. P. 52.3. Before mandamus may issue, the relator must show that the trial court had a legal duty to perform a ministerial act, was asked to do so, and failed or refused to act. *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding); *see also In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) ("Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling.").

Smith has filed an insufficient record with this Court since it does not contain the judgment against him or any evidence showing that his motions and requests were presented to the trial court. Thus, Smith has failed to provide this Court with a record sufficient to establish that he is entitled to mandamus relief. *See Walker*, 827 S.W.2d at 837.

We deny Smith's petition for writ of mandamus.

Josh R. Morriss, III
Chief Justice

Date Submitted:     January 23, 2020
Date Decided:       January 24, 2020

Do Not Publish