

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00025-CV
_____


IN RE CHELSEA MOREHEAD


Original Mandamus Proceeding


Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

The underlying proceeding in this case is a modification of the parent-child relationship, which was initiated by Real Party in Interest Zachary Morehead on December 21, 2020. In her petition for a writ of mandamus, Relator, Chelsea Morehead, asserts that Respondent, the Honorable LeAnn Rafferty, presiding judge of the 123rd Judicial District Court of Panola County, abused her discretion when she entered a February 12, 2021, temporary order that, in part, modified the parties' agreed order's designation of the conservator with the exclusive right to determine their child's residence.[1] Relator asks this Court to, among other things, issue a writ of mandamus directing the trial court to vacate the complained of portions of its February 12, 2021, temporary order. For the reasons below, we deny Relator's petition for a writ of mandamus.

Mandamus will issue "only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law." *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (citing *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding)). "It is the relator's burden to provide this Court with a sufficient record to establish his or her right to mandamus relief." *Id.* (citing *Walker*, 827 S.W.2d at 839–40; *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding)); *see* TEX. R. APP. P. 52.3, 52.7(a).

---

[1]The temporary order changed the designation of the conservator from Chelsea Morehead to Zachary Morehead.

2

Rule 52.3(j) of the Texas Rules of Appellate Procedure requires the person filing the petition for a writ of mandamus to "certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). The petition in this case does not contain the required certification.

In addition, a relator must file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding[.]" TEX. R. APP. P. 52.7(a)(1); *see* TEX. R. APP. P. 52.3(k)(1)(A). ("The appendix must contain . . . a certified or sworn copy of any order complained of, or any other document showing the matter complained of . . . .") "Documents that are attached to a properly prepared affidavit are sworn copies," while documents attached to an improperly prepared affidavit are not. *In re Henderson*, No. 06-15-00034-CR, 2015 WL 13522812, at *1 (Tex. App.—Texarkana Mar. 10, 2015, orig. proceeding) (mem. op.) (citing *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding)). "The affidavit 'must affirmatively show it is based on the personal knowledge of the affiant'; the affidavit 'is insufficient unless the statements in it are direct and unequivocal and perjury can be assigned to them.'" *Id.* (citing *Butler*, 270 S.W.3d at 759); *see In re Garrett*, No. 05-20-00462-CV, 2020 WL 2552892, at *1 n.1 (Tex. App.—Dallas May 20, 2020, orig. proceeding) (mem. op.) (an affidavit complies when it states, "under penalty of perjury, that the affiant has personal knowledge that the copies of the documents in the appendix are true and correct copies of the originals"). Although Relator's appendix and the record contain copies of orders and other documents, they are not properly certified or sworn.

3

"Because the record in a mandamus proceeding is assembled by the parties," we must "strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record." *In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *1 (Tex. App.—Dallas Mar. 22, 2019, orig. proceeding) (mem. op.) (quoting *In re McKinney*, No. 05-14-01513-CV, 2014 WL 7399301, at *1 (Tex. App.—Dallas Dec. 15, 2014, orig. proceeding) (mem. op.)). On the record presented, we cannot say that Relator has established a right to the relief she has requested. We may deny a petition for a writ of mandamus for an inadequate record alone. *See Blakeney*, 254 S.W.3d at 662.

Since Relator has not shown herself entitled to the extraordinary remedy of mandamus, we deny the petition for a writ of mandamus.

Scott E. Stevens
Justice

Date Submitted          April 27, 2021
Date Decided           April 28, 2021

4