

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00119-CR

IN RE THE STATE OF TEXAS EX REL. REID MCCAIN

Original Mandamus Proceeding

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Chief Justice Morriss

Relator, Reid McCain, the criminal district attorney for Harrison County, has filed a petition for a writ of mandamus asking this Court to direct the Honorable Brad Morin, presiding judge of the 71st Judicial District Court of Harrison County, Texas, to rescind his order granting the Real Party in Interest's motion to have copies of the child victim's recorded interview at the Harrison County Child Advocacy Center (CAC) provided to the RPI and his expert. Because McCain failed to provide us with a sufficient record to establish his right to mandamus relief, we deny the mandamus petition.

Mandamus will issue "only when the mandamus record establishes (1) a clear abuse of discretion . . . , and (2) the absence of a clear and adequate remedy at law." *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (citing *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding)). "It is the relator's burden to provide this Court with a sufficient record to establish his or her right to mandamus relief." *Id.* (citing *Walker*, 827 S.W.2d at 839–40; *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.— Texarkana 2006, orig. proceeding)); *see* TEX. R. APP. P. 52.3, 52.7(a).

Our appellate rules require that the appendix contain "a certified or sworn copy of any order complained of, or any other document showing the matter complained of," TEX. R. APP. P. 52.3(k)(1)(A), and that the record contain "a certified or sworn copy of every document that is material to the relator's claim and that was filed in any underlying proceeding," TEX. R. APP. P. 52.7(a)(1). In addition, the rules require that the record contain "a properly authenticated

transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a)(2).[1]

McCain has attached a certification that states, in part, "I, the undersigned, certify that the attached documents in the appendices are true and correct copies of document retrieved from the district clerk, or a true and correct copy of the reporter's record if received in time for this filing from the court reporter." However, "[t]he affidavit 'must affirmatively show it is based on the personal knowledge of the affiant,'" and it "is insufficient unless the statements in it are direct and unequivocal and perjury can be assigned to them." *In re Henderson*, No. 06-15-00034-CR, 2015 WL 13522812, at *1 (Tex. App.—Texarkana Mar. 10, 2015, orig. proceeding) (mem. op., not designated for publication)[2] (quoting *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding)). Only "[d]ocuments that are attached to a properly prepared affidavit are sworn copies." *Id.* (quoting *In re Butler*, 270 S.W.3d at 759). McCain's affidavit does not show that the facts stated in it are true and that they are within his personal knowledge, and it does not state that all of the documents in the appendix were filed in the trial court.[3]

McCain states that a hearing was held on September 1, 2022, in which the Respondent ordered him to give a copy of the recorded CAC interview to RPI's counsel. However, McCain

---

[1] The petition for a writ of mandamus was properly certified in accordance with Rule 52.3(j) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 52.3(j).

[2] "Although unpublished opinions have no precedential value, we may take guidance from them 'as an aid in developing reasoning that may be employed.'" *Rhymes v. State*, 536 S.W.3d 85, 99 n.9 (Tex. App.—Texarkana 2017, pet. ref'd) (quoting *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd)).

[3] Some of the documents in the appendix contain file marks. However, some do not, such as a document purporting to be the affidavit of Taylor Prior. We also note that that document does not meet the requirements of an affidavit.

did not include a certified or sworn copy of the order in his appendix. *See* TEX. R. APP. P. 52.3(k)(1)(A). He also did not include an authenticated transcript of the September 1 hearing. *See* TEX. R. APP. P. 52.7(a)(2). In addition, McCain did not include a sworn or certified copy of the motion filed by RPI that requested the trial court to enter an order. *See* TEX. R. APP. P. 52.7(a)(1).

"'Because the record in a mandamus proceeding is assembled by the parties,' we must 'strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record.'" *In re Wylie*, No. 06-21-00092-CR, 2021 WL 3889433, at *1 (Tex. App.—Texarkana Sept. 1, 2021, orig. proceeding) (mem. op., not designated for publication) (quoting *In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *1 (Tex. App.—Dallas Mar. 22, 2019, orig. proceeding) (mem. op.)). Here, Relator has failed to provide us with a sufficient record because the documents attached to the petition do not comply with Rules 52.3(k)(1)(A), 52.7(a)(1), or 52.7(a)(2).

For that reason, we deny the petition for a writ of mandamus.

Josh R. Morriss, III
Chief Justice

Date Submitted:     September 8, 2022
Date Decided:       September 9, 2022

Do Not Publish