

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-22-00137-CR

---

IN RE STEVEN MACK MCGEE

---

Original Mandamus Proceeding

---

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Relator Steven Mack McGee, an inmate proceeding pro se, has filed a petition for a writ of mandamus asking this Court to direct the 71st Judicial District Court of Harrison County, Texas, to issue a judgment nunc pro tunc. We deny McGee's petition because he has failed to demonstrate that he presented his motion to the trial court and requested a ruling.

To be entitled to mandamus relief, the relator must show (1) that he has no adequate remedy at law and (2) that the action he seeks to compel is ministerial, not one involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). The relator must also provide this Court with a record sufficient to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); *see* TEX. R. APP. P. 52.3. Before mandamus may issue, the relator must show that the trial court had a legal duty to perform a ministerial act, was asked to do so, and failed or refused to act. *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding); *see also In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) ("Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling."). "Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks." *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam).

On July 17, 2001, pursuant to a plea agreement, McGee pled guilty to the offenses of indecency with a child[1] and sexual assault.[2]  Included in the appendix attached to McGee's petition for a writ of mandamus is a copy of the trial court's judgment, which states under the heading "TERMS OF PLEA BARGAIN" that the sentences for the two convictions shall run consecutively.  Also attached is a document titled Agreement Concerning Sentencing, which states McGee's sentences, "shall run concurrently, and not consecutively."  That document is signed by McGee, his attorney, and the State.  The basis of his motion for a judgment nunc pro tunc is the disparity between the trial court's judgment and the terms in the Agreement Concerning Sentencing.

Among the documents attached to McGee's petition is a letter to the district clerk, which states that, along with that letter, McGee enclosed a motion for a judgment nunc pro tunc and a notice of inability to pay costs.  There is nothing, however, demonstrating that McGee took any action to present his motion to the trial court or asked the court to rule on it.  "A party's right to mandamus relief generally requires a predicate request for some action and a refusal of that request." *In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding).

Because McGee has not shown that he presented his motion to the trial court, requested a hearing, or requested that the court rule on the motion, he has not shown himself entitled to mandamus relief.

---

[1]*See* TEX. PENAL CODE ANN. § 21.11.

[2]*See* TEX. PENAL CODE ANN. § 22.011 (Supp.).

The petition for a writ of mandamus is denied.

Josh R. Morriss, III
Chief Justice

Date Submitted:     October 26, 2022
Date Decided:       October 27, 2022

Do Not Publish