

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00046-CV

IN RE BARBARA ZAZULAK

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Relator, Barbara Zazulak, has filed a petition for a writ of mandamus asking this Court to direct the Honorable Vincent Dulweber, presiding judge of the County Court at Law No. 2 of Gregg County, Texas, to, among other things, issue an order that vacates its order granting the trustees' motion for a stay pending appeal. Because Zazulak failed to provide us with a sufficient record to establish her right to mandamus relief, we deny the mandamus petition.

"Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion . . . , and (2) the absence of a clear and adequate remedy at law." *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (citing *Cantu v. Longoria*, 878 S.W.2d 131, 132 (Tex. 1994); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding)). "It is the relator's burden to provide this Court with a sufficient record to establish his or her right to mandamus relief." *Id.* (citing *Walker*, 827 S.W.2d at 839–40; *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding)); *see* TEX. R. APP. P. 52.3, 52.7(a).

Rule 52.3 requires the person filing the mandamus petition to "certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). That Rule also requires that the appendix contain "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7 requires the relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding" and "a

2

properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a)(1)–(2).

"'Documents that are attached to a properly prepared affidavit are sworn copies,' while documents attached to an improperly prepared affidavit are not." *In re Porter*, No. 06-21-00054-CV, 2021 WL 2425251, at *1 (Tex. App.—Texarkana June 15, 2021, orig. proceeding) (mem. op.) (quoting *In re Henderson*, No. 06-15-00034-CR, 2015 WL 13522812, at *1 (Tex. App.—Texarkana Mar. 10, 2015, orig. proceeding) (mem. op.)). "The affidavit 'must affirmatively show it is based on the personal knowledge of the affiant'; the affidavit 'is insufficient unless the statements in it are direct and unequivocal and perjury can be assigned to them.'" *In re Henderson*, No. 06-15-00034-CR, 2015 WL 13522812, at *1 (Tex. App.—Texarkana Mar. 10, 2015, orig. proceeding) (mem. op.) (quoting *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding)).

Relator's counsel attached a sworn "RULE 52.3(j) CERTIFICATION OF FACTS AND VERIFICATION OF APPENDIX/RECORD" stating that "he ha[d] reviewed [the] Petition for Writ of Mandamus and concluded that ever factual statement [was] supported by competent evidence included in the combined appendix/record, and . . . the items in the appendix/record [were] true and correct copies of the original documents." Further, although some of the documents in the appendix have file stamps that indicate they were filed in the underlying proceeding, many do not. Counsel's Rule 52.3(j) certification does not affirmatively show that the statements of counsel are based on his personal knowledge or that all of the documents were

3

filed in the underlying proceeding. For that reason, it does not meet the requirements of Rules 52.3(k)(1)(A) and 52.7(a)(1). It also does not contain a statement that no testimony was adduced in connection with the complained-of matter. Neither did relator file a record containing a properly authenticated transcript of any relevant testimony and exhibits from the underlying proceeding. For those reasons, relator's petition did not meet the requirements of Rule 52.7(a)(2).

"'Because the record in a mandamus proceeding is assembled by the parties,' we must 'strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record.'" *In re Porter*, 2021 WL 2425251, at *1 (quoting *In re Morehead*, No. 06-21-00025-CV, 2021 WL 1652064, at *1 (Tex. App.—Texarkana Apr. 28, 2021, orig. proceeding) (alteration in original) (mem. op.)). When a relator does not comply with the Texas Rules of Appellate Procedure, we may deny her petition. *See id.* at *2.

For that reason, we deny the petition for a writ of mandamus.

Scott E. Stevens
Chief Justice

Date Submitted:     May 15, 2023
Date Decided:       May 16, 2023

4