

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00112-CR

IN RE OTHA JAMES

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

Relator Otha James, proceeding pro se, has petitioned this Court for mandamus relief. James complains that he has filed motions with the trial court but that the trial court has not ruled on them. Because James has not supplied this Court with the requisite documents, we deny his request.

## I.      Background

This Court affirmed James's conviction for attempted murder in 2005.[1] He has filed a petition for mandamus relief in which he claims to have filed three motions with the trial court. James complains that the trial court has not ruled on those motions. Attached to his petition are copies of motions, but none of the motions bear "filed" marks from the district clerk.[2] Also included is a cover letter to the clerk asking for the motions to be filed and brought to the trial court's attention. That letter bears a "filed" stamp of August 2, 2022.

## II.     Standard of Review

To be entitled to mandamus relief, the relator must show (1) "that he has no adequate remedy at law" and (2) that the action "he seeks to compel is a ministerial act, not [one] involving a discretionary or judicial decision." *State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). The relator is obligated to provide this Court with a record sufficient to establish his right to

---

[1]*James v. State*, No. 06-04-00156-CR, 2005 WL 770648 (Tex. App.—Texarkana Apr. 7, 2005, pet. ref'd) (not designated for publication).

[2]The attached motions ask for discovery, the disqualification or recusal of the trial court, and for a telephonic hearing.

mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *see In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); *see also* TEX. R. APP. P. 52.3. Part of this duty is to attach to the relator's petition "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A).

Before mandamus may issue, the relator must show that the trial court had a legal duty to perform a ministerial act, was asked to do so, and failed or refused to act. *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding); *see also In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) ("Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling."). "[C]onsideration of a motion properly filed and before the court is ministerial." *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding).

## III. Analysis

James has not demonstrated to this Court that his motions were actually filed with or presented to the trial court. While he has supplied a cover letter to the district clerk that bears the clerk's "filed" stamp, this does not establish that the motions themselves were brought to the trial court's attention. Additionally, the motions provided by James are not stamped "filed."[3] Thus, James has failed to attach "a certified or sworn copy of any order complained of, or any other

---

[3]James also provided two other letters that were sent to the district clerk, both of which are file stamped and bear "A True Copy" stamp signed by the deputy clerk that certifies the documents are true copies from Harrison County. Although the motions are not file stamped, they contain a different "True and Correct Copy" stamp on each page. However, these stamps are different in that they do not certify that the documents are true copies from Harrison County, and they are not signed by the deputy clerk.

document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A).[4] For these reasons, we find that James has failed to show himself entitled to mandamus relief.

We deny James's petition for a writ of mandamus.

Scott E. Stevens
Chief Justice

Date Submitted: June 20, 2023
Date Decided: June 21, 2023

Do Not Publish

---

[4]"Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks." *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam).