

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-23-00143-CR

---

IN RE ROCKY ALLEN WILSON

---

Original Mandamus Proceeding

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

Rocky Allen Wilson has petitioned this Court for mandamus relief. Wilson claims that he filed a motion to unseal documents[1] with the trial court on July 1, 2023, and that the trial court has yet to rule on said motion. Wilson would have this Court order the trial court to unseal the records at issue and send them to him. We find that Wilson has failed to attach an appendix of necessary documents as required by the Texas Rules of Appellate Procedure. Thus, Wilson has not provided a record sufficient to entitle him to his requested relief. Accordingly, we reject his application for extraordinary relief.

## I.     Standard of Review

To be entitled to mandamus relief, the relator must show that there is no adequate remedy in law and that the sought-after act is ministerial in nature. *In re State ex rel. Wice*, 668 S.W.3d 662, 671 (Tex. Crim. App. 2023) (orig. proceeding). The relator is obligated to "provide this Court with a sufficient record to establish [his] right to mandamus relief." *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); *see* TEX. R. APP. P. 52.3. Before mandamus may issue, the relator must show that the trial court had a legal duty to perform a ministerial act, was asked to do so, and failed or refused to act. *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding); *see also In re Blakeney*, 254 S.W.3d 659,

---

[1]Wilson was convicted of stalking and sentenced to twenty years' imprisonment. This Court affirmed the conviction. *See Wilson v. State*, No. 06-21-00123-CR, 2022 WL 630518, at *1 (Tex. App.—Texarkana Mar. 3, 2022) (mem. op., not designated for publication). In his petition to this Court, he claims to have written the trial court requesting documents from his trial and claims that the district clerk replied by informing him that the requested documents were under seal. Wilson says he then filed the motion to unseal that is the subject of his petition.

662 (Tex. App.—Texarkana 2008, orig. proceeding) ("Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling.").

## II.    Analysis

After reviewing the record, we conclude that Wilson has failed to comply with Rule 52.7(a)(1) of the Texas Rules of Appellate Procedure, which states that a relator must file with his petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). He has attached no documents to his petition. Therefore, the mandamus petition fails to provide a complete record as required by Rule 52.7(a)(1) and is insufficient to establish that the trial court abused its discretion. *See In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) ("Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record." (footnote omitted)).

We deny Wilson's petition for mandamus relief.


Charles van Cleef
Justice

Date Submitted:     July 27, 2023
Date Decided:       July 28, 2023

Do Not Publish

3