

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-25-00062-CV

---

IN RE JANET MCGINN

---

Original Mandamus Proceeding

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

Relator Janet McGinn, proceeding pro se, petitions for mandamus relief against the trial court. McGinn contends that, on June 27, 2025, and without her agreement, the trial court permitted her counsel to withdraw. On July 22, 2025 (twenty-five days later), McGinn now petitions this Court to stop the trial court from proceeding with a "complex final hearing" scheduled on July 25 (three days after the filing of her petition).

McGinn contends that she sought a continuance in the trial court. McGinn complains that the trial court denied her motion for continuance. McGinn's petition, however, does not set forth when that motion for continuance was filed. More importantly, McGinn did not bring forward copies of the relevant documents from the trial court proceedings.

"Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion . . . , and (2) the absence of a clear and adequate remedy at law." *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (citing *Cantu v. Longoria*, 878 S.W.2d 131, 132 (Tex. 1994) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding)). "It is the relator's burden to provide this Court with a sufficient record to establish his or her right to mandamus relief." *Id.* (citing *Walker*, 827 S.W.2d at 839–40; *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.— Texarkana 2006, orig. proceeding)); *see* TEX. R. APP. P. 52.3, 52.7(a).

Rule 52.3 of the Texas Rules of Appellate Procedure requires the person filing the petition for a writ of mandamus to "certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the

appendix or record." TEX. R. APP. P. 52.3(j). Rule 52.3(k) of the Texas Rules of Appellate Procedure requires a petitioner to provide "a certified or sworn copy of any . . . document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(B). Rule 52.7(a) of the Texas Rules of Appellate Procedure requires a petitioner to file the following along with her petition for a writ of mandamus:

> (1) a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding; and

> (2) a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained.

TEX. R. APP. P. 52.7(a).

McGinn's petition does not contain the certification required by Rule 52.3(j). Nor does her petition contain any of the documents required by Rules 52.3(k)(1)(B) and 52.7(a). McGinn did not submit the complained-of order of the trial court, nor did she include her motion for continuance. Likewise, McGinn did not submit any response to her motion by the real parties-in-interest, nor did she submit any transcript of any relevant hearing. Without those critical documents, we are unable to evaluate whether the trial court abused its discretion.

"'Because the record in a mandamus proceeding is assembled by the parties,' we must 'strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record.'" *In re Porter*, No. 06-21-00054-CV, 2021 WL 2425251, at *1 (Tex. App.—Texarkana June 15, 2021, orig. proceeding) (mem. op.) (alteration in original) (quoting *In re Morehead*, No. 06-21-00025-CV, 2021 WL 1652064, at *2 (Tex. App.—Texarkana Apr. 28,

2021, orig. proceeding) (mem. op.)).  When a relator does "not comply with the Texas Rules of Appellate Procedure, we deny the petition."  *Id.* at *2.

As a result, we deny McGinn's petition for a writ of mandamus.[1]

Jeff Rambin
Justice

Date Submitted:     July 23, 2025
Date Decided:       July 24, 2025

---

[1]In light of this resolution, we deny McGinn's motion for emergency relief as moot.

4