

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00123-CV
_____

IN RE CHRISTY LYNNE POWELL

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

Relator, Christy Lynne Powell, has filed a pro se petition for a writ of mandamus asking this Court to direct the Honorable Joe Black, the presiding judge of the County Court at Law of Harrison County, Texas, to follow Rule 145 of the Texas Rules of Civil Procedure regarding her inability to pay costs and to accommodate her "reasonable request to appear remotely" at a hearing scheduled for November 25, 2025, regarding her statement of inability to pay costs. Because we conclude that the petition is not properly certified and the attached documents are not properly certified or sworn to as required by the Texas Rules of Appellate Procedure, we deny the requested relief.

"Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion . . . , and (2) the absence of a clear and adequate remedy at law." *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (citing *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding)). "It is the relator's burden to provide this Court with a sufficient record to establish his or her right to mandamus relief." *Id.* (citing *Walker*, 827 S.W.2d at 839–40; *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); TEX. R. APP. P. 52.3); *see* TEX. R. APP. P. 52.7(a).

Rule 52.3(j) of the Texas Rules of Appellate Procedure, "*Certification*," provides, "The person filing the petition must certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Here, Powell's petition contains no such

certification. Thus, Powell has failed to meet the requirement of Rule 52.3(j) to certify that she has reviewed the petition and "concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." *Id.*; *see In re Tidwell*, No. 06-21-00079-CV, 2021 WL 5113493, at *1 (Tex. App.—Texarkana Nov. 4, 2021, orig. proceeding) (mem. op.).

Rule 52.7 of the Texas Rules of Appellate Procedure, titled "Record," provides that a party petitioning for a writ of mandamus must file "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." TEX R. APP. P. 52.7(a)(1). Also, Rule 52.3(k)(1)(B) states, "The appendix . . . must contain . . . a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX R. APP. P. 52.3(k)(1)(B). Powell failed to comply with these rules. Powell claims that she filed a "Statement of Inability to Afford Costs" in the trial court, yet she did not include a copy of that statement in her filings with this Court. Further, several of the documents included in Powell's appendix are neither certified nor sworn.

"'Because the record in a mandamus proceeding is assembled by the parties,' we must 'strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record." *In re Long*, 607 S.W.3d 443, 445 (Tex. App.—Texarkana 2020, orig. proceeding) (alteration in original) (quoting *In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *1 (Tex. App.—Dallas Mar. 22, 2019, orig. proceeding) (mem. op.). For the foregoing reasons, we conclude that Powell has failed to comply with the Texas Rules of

3

Appellate Procedure and has not met her burden to provide a record sufficient to show herself entitled to mandamus relief.

Accordingly, we deny Powell's petition for a writ of mandamus.[1]


Jeff Rambin
Justice

Date Submitted:      November 24, 2025
Date Decided:        November 24, 2025

---

[1]Because we deny Powell's petition, we overrule her request for an emergency stay as moot.